IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          No. 4:23-cr-10-DPM

BLAIR MICHAEL WILLIAMS                                      DEFENDANT

ORDER

**1. Partial Motion to Dismiss.** Counts one through four of the Superseding Indictment all charge production of child pornography under 18 U.S.C. § 2251(a). Each count involves a video featuring Williams and the same victim. Williams admits that he is in the videos. *Doc. 39 at 3.* It appears they were created in the same place on the same day, maybe even within minutes. The videos appear to be of discrete, though similar, sex acts. *Doc. 37 at 2-3.* Williams says these charges are multiplicious and moves to join them or dismiss three of the four.

The deep issue "is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *United States v. Sandstrom*, 594 F.3d 634, 652 (8th Cir. 2010). The Court must "look to the statutory language, legislative history, and statutory scheme to ascertain what Congress intended the unit of prosecution to be." *Ibid.* The Court resolves any doubt about Congress's intent in favor of lenity to Williams.

The United States Court of Appeals for the Eighth Circuit hasn't

weighed in. The courts that have, though, have found that each video or picture is a separate unit of prosecution under the statute, regardless of whether they were produced close in time. *See United States v. Smith*, 919 F.3d 1, 16 (1st Cir. 2019); *United States v. Esch*, 832 F.2d 531, 541-42 (10th Cir. 1987); *United States v. Fee*, 491 F. App'x 151, 157 (11th Cir. 2012) (unpublished *per curiam*). The statute's language is broad: it reaches "*any* sexually explicit conduct" and "*any* visual depiction of such conduct." 18 U.S.C. § 2251(a) (emphasis added). There isn't any doubt about Congress's intent. Each video is a separate use. Williams's motion, *Doc. 34*, is denied.

**2. Rule 414 and 404(b) Evidence.** The government has provided notice of testimony it intends to introduce under Rule 414 or, alternatively, Rule 404(b). Here's the Court's preliminary ruling.

Testimony about the alleged incident on school property, *Doc. 37 at 5*, is probably admissible under Rule 414. Williams stands accused of child molestation. Fed. R. Evid. 414(d)(2)(B). The alleged incident—as described by the government—qualifies as child molestation, too. *United States v. Manning*, 106 F.4th 796, 800 (8th Cir. 2024). The testimony is relevant to show Williams's propensity to produce child pornography with 16-year-old and 17-year-old boys. *United States v. Reynolds*, 720 F.3d 665, 671 (8th Cir. 2013). Some testimony about the alleged incident will not result in unfair prejudice to Williams.

Two caveats, though. First, the Court detects some ambiguity about what the anticipated testimony will be. The government anticipates that the witness will testify that he believes Williams recorded their encounter. Making the recording would be child molestation. Fed. R. Evid. 414(d)(2)(B). The encounter itself would not be. *Compare* Fed. R. Evid. 414(d)(1) & (d)(2)(C) & (D). If the witness backtracks on the recording point, testimony about the alleged incident wouldn't be admissible under Rule 414.

Second, some testimony about the incident isn't unfairly prejudicial. But too much focus could cross the line. The Court can deal with those issues as the evidence comes in.

The government also describes a text exchange that allegedly occurred in April 2019. *Doc. 37 at 4-5*. It's unclear if the government intends to introduce this evidence through Rule 414 or Rule 404(b). The Court reserves any decision on that point.

**3. Motion *in Limine*.** The government's motion *in limine*, Doc. 32, is partly granted. Mistake of age is not a defense to the production charges. *United States v. Thurber*, 106 F.4th 814, 832 (8th Cir. 2024), *cert. denied sub nom. Thurber v. United States*, 145 S. Ct. 1071 (2025). Williams's objection is preserved. If he would like to proffer evidence on a mistake-of-age defense, he may do so outside the presence of the jury.

The Court will hold fire on the consent issue. Consent isn't a

defense to the production charges. *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008). But it's conceivable that some evidence about the victim's willing participation could be relevant and admissible for other purposes. *Ibid.* This issue is better dealt with as the evidence comes in at trial.

**4. *Voir Dire* and Preliminary Instructions.** Final versions—subject to winnowing the highlighted lists at the pretrial—are attached. We will refine the final instructions during the course of trial.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 May 2025