IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No . 4:23CR00010 DPM |
| | ) | |
| BLAIR MICHAEL WILLIAMS | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM
AND OBJECTIONS**
(Sentencing date December 18, 2025)

**Our baseline:** 15 year mandatory minimum on Counts 1–4, 10 year maximum on Count 7.

**Objection to grouping.** Defendant's PSR has counts 1–4 as level 32+2+2=36 and count 7 as 34. Then they are grouped under U.S.S.G. § 3C1.4 as a 40 with grouping creating to a four level increase. PSR ¶ 54.

Counts 1–4 are four videos on one sexual encounter with the same minor done at the same time in the same place: 1782, 1:38; 1783, 0:21; 1784, <0:01; 1785, 1:37.  Total: three minutes and 37 seconds. Only 1782 was sent. The metadata including location data shows they were taken over eight minutes in the same place.[1]

This is significant: It's a difference between a Guideline minimum of 292 and 188. The mandatory minimum is 180 months

**Computer +2 should be discounted away.** PSR ¶s 20, 27, 34, 41, 48 include +2 each count for use of computers. Unless one has a Polaroid camera, everything these days has to be via computer, and it has been that way for more than a decade. Disposable cameras almost don't count

---

[1] That was the subject of the MJOA to merge them into one count, which was denied based on the court's reading of the statute. A concurrent sentence would almost moot that as an appeal issue.

1

anymore because the people developing the film would report it to the police.[2]

Accordingly, all five counts should be –2 or 34 and 32. That's a Guideline minimum of 121, ten years, one month.

**Other things not adequately accounted for by the Guidelines.**   U.S.S.G. § 5K2.0(a)(3), (b).

*Victim was on Grindr looking for a hook up.*   Counts 1–4 involve a sophisticated young man who knew enough to use Grindr, the gay hook-up app, www.grindr.com/,[3] to meet up with Mr. Williams. That is what happened here: Early morning, Dallas County, on a country road, in defendant's Jeep with the deer head decal in the back window. He was not taken advantage of, and he knew exactly what he was doing.  Yes, he was 17 at the time, just about 18. See U.S.S.G. § 5K2.10 on downward departures for victim's conduct.[4]

*Lost jail time.*  3 years and about 12 days of lost jail credit.

One serious problem under the surface here is defendant's credit for time served. He has always been in Faulkner County's custody since his arrest December 2, 2022. The Faulkner County case is 23CR-22-1185, and it involves count 7. PSR ¶s 12, 68. His next court date is December 27, 2025 in Fifth Division for disposition. The parties there were conscious of resolving this case to judgment before that one all along.

The problem is this:  If defendant has any federal credit at all, it was when he was trans-

---

[2] Disposable cameras are still for sale. Amazon shows them for wedding pictures for the guests.  bit.ly/4re0Z0d. Getting film developed may be another matter entirely. Who does that? Walgreens?

[3] "THE GLOBAL GAYBORHOOD IN YOUR POCKET™"

[4] Which "ordinarily" wouldn't be enough to depart in sex cases. 2 HAINES ET AL., FEDERAL SENTENCING GUIDELINES HANDBOOK at 812 (2024-25 ed.). But this is not ordinary.

2

ported on a writ for hearings and trial, and it likely amounts to no more than 3–4 days total over the last three years.[5]

Before trial, AUSA Bryant and the defense agreed that we would do everything in our power to find a way to get him that three years two weeks credit, aside from the sentencing range, because the court is bound by the mandatory minimum of 15 years. What that will be remains to be seen. Will it work when we come up with something? Don't know. In addition, the court will have to find a way to apply that, with input from the parties, because the BOP and USM otherwise have no way of seeing it or applying it.

**Family support.** Despite his predicament, defendant's family still supports him. We will provide letters closer to the sentencing date.

**Defense sentencing recommendation.** All things considered in this case, the proof at trial, the PSR, defendant respectfully requests the mandatory minimum of 180 months, all counts concurrent. And, if the court could give 3 years and two weeks jail credit now, it should and make that 144 months. If the court can. If he had been in federal custody, he'd have that time credit.

Respectfully submitted,

JOHN WESLEY HALL
  Ark. Bar No. 73047
1202 Main St.; Suite 210
Little Rock, Arkansas 72202-5057
(501) 371-9131 / fax (501) 378-0888
e-mail:  ForHall@aol.com
  *Attorney for Defendant*

---

[5] This is an extreme situation defense counsel hasn't dealt with before.